IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Jordan, | ) | Civil Action No. 9:18-1907-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Travis Bragg, Warden, FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon Petitioner Jonathan Jordan's ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for a Report and Recommendation on Respondent Warden Travis Bragg's ("Respondent") motion to dismiss (ECF No. 13). On January 28, 2019, Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report"), analyzing the issues and recommending that the Court grant Respondent's motion to dismiss (ECF No. 13) and dismiss the petition for writ of habeas corpus (ECF No. 1). (*See* ECF No. 20 at 11.) Petitioner filed objections (ECF No. 22) to the Report, and the matter is ripe for review. The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here, summarizing below only in relevant part.[1]

---

[1]As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

## BACKGROUND

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to § 2241 on July 12, 2018. (ECF No. 1.) Petitioner was sentenced on March 2, 2010 to a term of imprisonment for 295 months, which term fell in the middle of the then-applicable U.S. Sentencing Guidelines range as calculated pursuant to the career offender enhancement. (*See id.* at 7.) In the petition, he asserts that, under the Fourth Circuit's holdings in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), he no longer has two predicate offenses that qualify him as a career offender because the maximum sentences for the drug offenses used to enhance his sentence were less than one year. (*See* ECF No. 1-1 at 3.) Petitioner claims that the continuing application of the career offender enhancement will result in a miscarriage of justice that warrants relief under the savings clause of 28 U.S.C. § 2255. (ECF No. 1 at 6–7.) Petitioner has previously challenged his classification as a career offender, including his theory of relief based on *Simmons*, through the vehicle of a motion to vacate, set aside, or correct the sentence pursuant to § 2255 and the vehicle of a prior § 2241 petition. (*See* ECF No. 20 at 4 (summarizing Petitioner's previous collateral attacks on his sentence).) The Court also notes that Petitioner's *Simmons*-based challenge to his sentence is likely moot at this point, given that the U.S. District Court for the Eastern District of North Carolina, Chief Judge Terrence W. Boyle presiding, recently granted Petitioner's motion for reduction of sentence pursuant to Section 404 of the First Step Act, and reduced Petitioner's sentence to 180 months. *See* ECF Nos. 232 & 233, *U.S. v. Jordan*, No. 5:09-cr-00104-BO-2 (E.D.N.C. Aug. 29, 2019). Nevertheless, for the sake of completeness the Court will address Petitioner's objections to the Report.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

In his Report, Magistrate Judge Marchant explains that the instant § 2241 petition is subject to dismissal because Petitioner's claim is barred by his plea agreement wherein he waived certain rights to appeal his sentence. (*See* ECF No. 20 at 6–9.) The Magistrate Judge correctly notes that the Fourth Circuit has held that the type of waiver at issue in this case is enforceable and precludes a collateral attack on Petitioner's sentence. *See U.S. v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (holding that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary"). Moreover, the Fourth Circuit has also stated that "claims regarding the application of *Simmons* fall within the scope of [a] valid appeal waiver." *U.S.*

3

*v. Copeland*, 707 F.3d 522, 529-30 (4th Cir. 2013). After reviewing the relevant portions of the record pertaining to Petitioner's guilty plea and plea agreement, the Magistrate Judge concluded there was no evidence to indicate that Petitioner's plea was unkowningly or involuntarily entered, that the appeal waiver bars the instant § 2241 petition, and that the petition should accordingly be dismissed. (*See* ECF No. 20 at 8–9.)

Petitioner objects to the Magistrate Judge's conclusions regarding the appellate waiver provision and advances his own construction of the appellate waiver language, which would purportedly allow him to challenge his sentence as being "in excess of the applicable advisory Guideline range that is established at sentencing." (*See* ECF No. 22 at 3–5.) This objection is based on a misunderstanding of the import of the operative language in the appellate waiver. The advisory Guideline range reflected in Petitioner's presentence report was 262 to 327 months. Even assuming the applicability of *Simmons* and that Petitioner could satisfy the savings clause of § 2255, the 295-month term of incarceration adjudicated was not in excess of the Guideline range established at the time of sentencing. The objection is overruled.

Petitioner next objects by arguing that the appellate waiver in his plea agreement cannot be enforced, despite controlling authority embodied in the Fourth Circuit's holding in *Copeland*, because continued enforcement of a sentence including a career offender enhancement in his case will result in a miscarriage of justice. (*See* ECF No. 22 at 5–6.) The Court commends Petitioner for his on-point, passionate arguments in this regard, wherein Petitioner notes the cognitive dissonance created by a situation in which the Government, by way of an appellate waiver, preemptively forecloses a petitioner from rectifying a later-developed sentencing inequity–namely, disparate impact of the career

offender designation on past and present defendants due to *Simmons*–created by subsequent Fourth Circuit rulings. (*See id.* at 5–6.) Petitioners arguments carry logical weight. However, this Court is bound by Fourth Circuit authority that precludes relief in this precise circumstance. *See U.S. v. Foote*, 784 F.3d 931, 940–42 (4th Cir. 2015) (holding that, where a sentence is within statutory limits and the collateral challenge involves no substantiated claim of actual innocence, an enhanced sentence based on a career offender designation that is subsequently nullified does not constitute a fundamental defect that results in a miscarriage of justice, thereby creating the exceptional circumstances necessary to require habeas relief). Accordingly, the objection is overruled.

The Magistrate Judge next concluded, even assuming arguendo that Petitioner's claims were not barred by the appellate waiver, that dismissal is warranted because Petitioner is unable to satisfy the § 2255 savings clause and this Court lacks jurisdiction to consider the petition. (*See* ECF No. 20 at 9–11.) "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[2] *In re Vial*, 115

---

[2] The "savings clause" states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

F.3d at 1194. Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n.5.

The Fourth Circuit has identified circumstances when a federal prisoner may use a § 2241 petition to contest his sentence. Specifically, § 2255 is inadequate or ineffective when:

> (1) at the time of the sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*U.S. v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Here, Magistrate Judge Marchant determined that Petitioner cannot meet the fourth prong of the *Wheeler* test because, in the Fourth Circuit, a career offender designation that is nullified by subsequent caselaw does not present an error sufficiently grave to be deemed a fundamental defect. (ECF No. 20 at 9–10.)

Petitioner objects, citing *In re Jones*, 226 F.3d 328 (4th Cir. 2000) as authority to support the notion that he can satisfy the fourth prong of the *Wheeler* test. (ECF No. 22 at 7–8.) However, the *Wheeler* test was an expansion of the *In re Jones* test for whether a petitioner can satisfy the requirements of the savings clause, not the other way around. Petitioner's arguments based on *In re Jones* are inapposite to his failure to satisfy the fourth prong of *Wheeler*, and they reveal no error in the Magistrate Judge's analysis.

Petitioner further objects, citing *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018) for the general proposition that "it is well established that courts 'should' correct a forfeited plain error that effects substantial rights 'if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 1906 (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). However, *Rosales-Mireles* dealt with a Rule 52(b) challenge, raised for the first time on direct appeal, to a miscalculation of the Guidelines range applied at sentencing, and to which the defendant did not object in the district court. *See id.* at 1905–06. There was no miscalculation of the Guidelines range in the instant case, and Petitioner's arguments based on *Rosales-Mireles* are unavailing. In summary, the Magistrate Judge committed no error in his conclusions regarding the *Wheeler* test and the objection is overruled.

The remainder of Petitioner's objections either rehash slightly reworked versions of the objections already addressed, or cite authority that is inapposite or directly contradictory to Petitioner's arguments. (*See, e.g.*, ECF No. 22 at 12 (quoting *Wheeler*, 886 F.3d at 432 n.9 (stating, "In *Foote*, we held that only errors presenting 'a fundamental defect which inherently results in a complete miscarriage of justice' are cognizable on § 2255 collateral review, and a Guidelines career offender designation later nullified by *Simmons was not one of those errors*." (emphasis added))).) None of Petitioner's arguments point the Court to any real error in the Report.

After *de novo* review, the Court finds Petitioner's objections to be without merit. The Court agrees with the Magistrate Judge's thorough analysis and finds no error therein. Therefore, the Court finds that Petitioner's § 2241 petition is barred by the appellate waiver in his plea agreement. The Court further finds that Petitioner has failed to show that § 2255

is inadequate or ineffective to test the legality of his detention and the Court lacks jurisdiction to consider the § 2241 petition. Accordingly, it is hereby ORDERED that the Magistrate Judge's Report (ECF No. 20) is adopted and incorporated herein. Petitioner's objections (ECF No. 22) are OVERRULED, Respondent's motion to dismiss (ECF No. 13) is GRANTED, and the § 2241 petition is DISMISSED.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 9, 2019
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.